[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12419
Non-Argument Calendar

_____

D.C. Docket No. 0:19-cv-61733-AHS

WILLIAM BURKE,

Plaintiff - Appellant,

versus

CUSTOM MARINE GROUP,
CUSTOM MARINE GROUP, LLC,
ICONIC MARINE,
ICONIC MARINE GROUP,
ICONIC MARINE GROUP, LLC,

Defendants,

FOUNTAIN, et al.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 16, 2021)

Before ROSENBAUM, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

This appeal concerns William Burke's purchase of a defective high-speed sports fishing vessel. According to Burke, the district court erred in dismissing Burke's second amended complaint (1) as a shotgun pleading, (2) without leave to amend, and (3) in its entirety. After careful review, we affirm the district court's ruling.

The facts are known to the parties; we do not repeat them here except as necessary to resolution of the issues presented.

## I

Burke purchased a high-speed sports fishing vessel. Burke eventually discovered defects with the vessel and filed a complaint against more than 30 defendants. Burke filed a motion for enlargement of time to serve process; in granting the motion, the district court stated: "Plaintiff's Complaint appears to be a shotgun pleading. Plaintiff fails to articulate with the requisite specificity how each of the many Defendants are liable for the alleged claims. Plaintiff is advised to address these pleading deficiencies in any amended complaint." Burke then filed his first amended complaint. Several defendants moved to dismiss the first amended complaint, arguing, in relevant part, that it was a "shotgun pleading." The district court held a hearing and eventually granted the motion to dismiss,

2

stating that "[a]s stated on the record, Plaintiff is advised to address the pleading deficiencies in the amended complaint."

Burke filed a second amended complaint. Some of the defendants filed a motion to dismiss the second amended complaint. The district court granted the motion and dismissed the second amended complaint in its entirety with prejudice. In particular, the district court stated:

> In Plaintiff's Second Amended Complaint [] each count incorporates the allegations of all the preceding paragraphs and counts, even though many of the allegations have no bearing on the claims. In opposition to the instant motion, Plaintiff insists nothing set forth in the Second Amended Complaint [] should prevent the parties or this Court from understanding the heart of the complaint. And, he further asserts if there are any ambiguities, 'the parties will be able to ferret out additional detail [sic] concerning Plaintiff's legal theories in a timely and efficient manner via the discovery process.' [] Here, Plaintiff's Second Amended Complaint [] spans 80 pages, an addition of two more counts and two additional defendants. There are no discernible causes of action, nor are the facts stated in the numbered paragraphs limited to a single set of circumstances.
>
> When Plaintiff filed the Second Amended Complaint [], he had fair and adequate notice of the defects and a meaningful chance to fix them. See *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) . . . In the Second Amended Complaint [], Plaintiff still failed to correct defects of which he had notice. To permit this action to go forward would result in a waste of judicial resources.

Burke now appeals the district court's order dismissing his second amended complaint.[1]

---

[1] We review a district court's dismissal on shotgun-pleading grounds for an abuse of discretion. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

## II

Before us, Burke argues that the district court erred in dismissing Burke's second amended complaint (1) as a shotgun pleading, (2) without leave to amend, and (3) in its entirety.  We address each of these arguments in turn.

## A

Rule 8(a)(2) states that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) similarly provides that:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

This Court has referred to complaints that fail to comply with Rule 8(a)(2) or Rule 10(b), or both, as "shotgun pleadings."  *See, e.g.*, *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).  In *Weiland*, we identified four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint "that commits the sin of not separating into a different

4

count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." 792 F.3d at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, the district court concluded that Burke's second amended complaint fell into the first *Weiland* category—those which contain multiple counts where each count adopts the allegations of all preceding counts. Although each of the counts realleged the generalized allegations, they did not reallege the *preceding counts*. This Court does not categorize complaints as shotgun pleadings where "[t]he allegations of each count are not rolled into every successive count on down the line." *Weiland*, 792 at 1324. The district court's conclusion with respect to the first *Weiland* category was therefore incorrect.

The district court identified other problems, however, with Burke's second amended complaint. Specifically, the court concluded that Burke's complaint "spans 80 pages, an addition of two more counts and two additional defendants" and that "[t]here are no discernible causes of action, nor are the facts stated in the numbered paragraphs limited to a single set of circumstances."

The district court correctly identified Burke's complaint as implicating the third *Weiland* category[2]— failure to separate "into a different count each cause of action or claim for relief." 792 F.3d at 1322. In Count V, Burke alleged "Negligent Manufacturing, Design, Failure to Warn, Etc." against the Fountain and Iconic defendants. These are distinct theories of liability that involve different facts and should be asserted independently. *See, e.g.*, *Tang v. NCL (Bahamas) Ltd.*, 472 F. Supp. 3d 1227, 1229 (S.D. Fla. 2020). Further, before the district court, Burke argued that "[r]eview of the Count [V] . . . reveals that this is a negligence count supported by a list of negligent acts A-K which is perfectly acceptable." But the explanation that Count V is "a negligence count" only compounds the difficulty of comprehending Burke's second amended complaint; in Count VI, Burke also alleges "Negligence" against the Fountain and Iconic defendants, as well as defendant Hardison. The result of this—including Burke's use of "Etc." in the title of Count V— is that the defendants lack "adequate notice of the claims against them and the grounds upon which each claims rest." *Weiland*, 792 at 1323. We conclude that the district court correctly dismissed Burke's second amended complaint as a shotgun pleading.

**B**

---

[2] Although the district court incorrectly concluded that Burke's second amended complaint fell into *Weiland's* first category, we may affirm the district court's judgment based on any ground supported by the record. *See Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

Burke also argues that the district court erred in dismissing the second amended complaint without leave to amend because Burke lacked fair and adequate notice of his pleadings' defects.  Under our precedent—

> In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff one chance to remedy such deficiencies . . . . What matters is function, not form: the key is whether the plaintiff had fair notice of the defects and a meaningful chance to fix them.  If that chance is afforded and the plaintiff fails to remedy the defects, the district court does not abuse its discretion in dismissing the case with prejudice on shotgun pleading grounds.

*Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (quotation marks omitted).

The district court afforded Burke with ample opportunity to fix the defects in his pleadings.  Recall that, in ruling on the motion for enlargement of time, the district court stated: "Plaintiff's Complaint appears to be a shotgun pleading.  Plaintiff fails to articulate with the requisite specificity how each of the many Defendants are liable for the alleged claims.  Plaintiff is advised to address these pleading deficiencies in any amended complaint."  At the motion hearing that resulted in the dismissal of Burke's amended complaint, the district court identified specific problems with Burke's pleadings and permitted Burke to file his third complaint.  In light of Burke's failure to cure his pleadings' deficiencies after multiple opportunities, the district court did not abuse its discretion in dismissing his second amended complaint without leave to amend.

## C

Finally, Burke argues that the court erred in dismissing the second amended complaint "in its entirety." Specifically, Burke argues that the order dismissing the amended complaint failed to give him fair notice of the defects as to the pleading of the two additional counts and two additional defendants. Burke contends that he advised the court that he intended to add another count, that the district court signaled assent, but that the district court later dismissed the second amended complaint by noting that Burke had added two more counts and two more defendants. But it is clear that the district court did not dismiss the second amended complaint *because* of the two additional counts and defendants. The district court simply emphasized these additional defendants and counts to observe that Burke's changes to the amended complaint did not make his pleadings intelligible. The district court rested its decision to dismiss on entirely independent grounds, including that "[t]here are no discernible causes of action, nor are the facts stated in the numbered paragraphs limited to a single set of circumstances." Accordingly, the district court did not abuse its discretion in dismissing Burke's second amended complaint in its entirety.[3]

---

[3] We need not address the Appellees' argument in the alternative that Burke failed to state a plausible claim for relief.

8

### III

To sum up: the district court did not abuse its discretion in dismissing Burke's second amended complaint (1) as a shotgun pleading, (2) without leave to amend, and (3) in its entirety.

**AFFIRMED.**